UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLYN BROWN, | ) |
|           Plaintiff, | ) |
| vs. | ) 02 C 8175 |
| PRIMERICA LIFE INSURANCE COMPANY, d/b/a PRIMERICA, a corporation, | ) |
|           Defendant. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on cross-motions for summary judgment. For the reasons set forth below, we grant the motion of Primerica Life Insurance Company ("Primerica") for summary judgment. Plaintiff Carolyn Brown's motion for summary judgment is denied.

## BACKGROUND

The facts pertinent to this cause of action were set forth in our prior opinion addressing Primerica's motion to strike Curtis Baggett's testimony. Brown v. Primerica Life Ins. Co., No. 02-CV-8175 (N.D. Ill. Apr. 29, 2006). Accordingly, we restate them here only in truncated form. Plaintiff Carolyn Brown ("Carolyn") is the

widow of Terrance Brown ("Terrance"), son of Alberta Brown ("Alberta"). Until shortly before Terrance's death, Carolyn was the undisputed beneficiary of a life insurance policy Primerica had issued to Terrance. On August 23, 2002, a man identifying himself as Terrance entered a Primerica office in Chicago. He informed the agent, Francis Giroux, that he wished to change the beneficiary of his life insurance policy to Alberta. He also stated that he wanted to make his premium payment. Giroux elicited the necessary biographical information to complete the form, which the man then signed. Giroux did not request that the man produce any form of identification. The premium was also paid via a money order from Western Union. About two weeks later, Terrance drowned.

According to the terms of the policy, a change of beneficiary is effective on the date that Primerica receives written notice from the insured that the change is desired. Based on the form Giroux submitted as well as an informal internal investigation, Primerica determined that Terrance changed his beneficiary from Carolyn to Alberta on August 23 and thus that Alberta was the beneficiary of the policy at the time of Terrance's death. Accordingly, the proceeds of the policy were paid to Alberta.

Carolyn disputes the validity of the August 23 change of beneficiary. She contends that the man at Giroux's office was not Terrance, rendering the form he executed without legal effect. According to Carolyn, the operative document is the

2000 change of beneficiary, which names her, not Alberta, as the designated recipient of the policy proceeds.

After various unfruitful conversations with Primerica in which she advanced the theory that the August 23 form was a forgery, Carolyn filed the instant suit, alleging that Primerica breached its contractual obligations under the policy by paying to Alberta rather than to her. Each party moved for summary judgment. In support of her motion, Carolyn sought to introduce the testimony of a purported handwriting expert. This proposed testimony was the target of the motion to strike referenced above. We denied the initially filed summary judgment motions without prejudice until the admissibility of the expert testimony could be resolved. On April 26, 2006, we granted the motion to strike, and the parties subsequently informed us that they elected to stand on their previously filed motions for summary judgment without any further elaboration.

## LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. Proc. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact ." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. Proc. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Proc. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant," Buscaglia v. United States, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing the record we must draw all reasonable inferences in favor of the non-movant; however, "we are not required to draw every conceivable inference from the record–only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

When parties file cross-motions for summary judgment, each motion must be assessed independently, and denial of one does not necessitate the grant of the other. M. Snower & Co. v. United States, 140 F.2d 367, 369 (7th Cir. 1944). Rather, each

motion evidences only that the movant believes it is entitled to judgment as a matter of law on the issues within its motion and that trial is the appropriate course of action if the court disagrees with that assessment. Miller v. LeSea Broadcasting, Inc., 87 F.3d 224, 230 (7th Cir. 1996). With these principles in mind, we turn to the parties' motions.

## DISCUSSION

The complaint in this case contains a single claim for breach of contract. The parties' motions focus on whether Primerica's conclusion that Terrance had effected a proper change of beneficiary and its resultant issuance of payment to Alberta was required or barred by the contract. If the form executed is genuine, Primerica was obligated to pay Alberta. If it was not, Primerica was obligated to pay Carolyn.

At first blush, this case would seem unsuited for resolution on a motion for summary judgment because of the importance of several factual determinations. However, summary judgment is appropriate where the movant has carried its initial burden and the nonmovant has presented no evidence upon which a reasonable juror could rely in returning a verdict for the nonmovant. See, e.g., Demos v. City of Indianapolis, 302 F.3d 698 (7th Cir. 2002). Without such evidence, there is no factual issue requiring trial. See Ziliak v. AstraZeneca LP, 324 F.3d 518, 520-21 (7th Cir. 2003).

In support of its position that the form was genuine, Primerica chiefly relies upon Giroux's testimony regarding the events surrounding its execution. According to this unrebutted testimony, the man who came to Giroux's office knew personal information about Terrance and offered it without hesitation. He possessed a letter addressed to Terrance from Primerica regarding a late premium payment. At his deposition, Giroux also identified the man he met in a photograph Carolyn stated in her deposition to be of herself and Terrance. Moreover, Primerica offers up testimony that the receipt for the Western Union money order was found in Terrance's belongings after his death.

In response to Primerica's evidence and in support of her own position that the form had no legal effect, Carolyn offers only two September 2002 letters stating that Terrance's check for a premium payment had bounced. She also finds fault with Giroux's failure to ask the man in his office to produce any government-issued identification. She states that, because Giroux admits that he had never met Terrance before August 23, he cannot say for certain whether the man in his office was Terrance or not.

It is Carolyn's burden both in her response to Primerica's motion and to carry her own claim to judgment as a matter of law to show evidence that could convince a reasonable juror to accept her version of the events in the case. See Schacht v. Wisconsin Dept. of Corrections, 175 F.3d 497, 504 (7th Cir. 1999). Primerica has

presented eyewitness evidence that Terrance executed a change of beneficiary form in writing before his death. That the person was in fact Terrance is supported by the signer's knowledge of Terrance's biographical information and testimony by Dana Thomas of the presence of the Western Union receipt in Terrance's personal effects after this death. Though Carolyn contends that Thomas should not be believed, that argument does not make her testimony inadmissible. The sole evidence Carolyn presented to counter Primerica's evidence was Baggett's testimony. In light of the fact that his testimony was stricken, all that is left is what Primerica offers. That track leads to a single terminal: Primerica complied with its contractual obligations. Accordingly, there was no breach. Primerica's motion for summary judgment is granted and Carolyn's is denied.

## CONCLUSION

Based on the foregoing analysis, Primerica's motion for summary judgment is granted. Carolyn Brown's motion for summary judgment is denied.

_Charles P. Kocoras_
Charles P. Kocoras
Chief Judge
United States District Court

Dated:  June 15, 2006